Nick **IDZOJTIC**, Appellant in No. 71–1019, and John Skocich

v.

The **PENNSYLVANIA RAILROAD COMPANY**, a corporation

v.

Edward **KOZORA**.

Appeal of John **SKOCICH**, in No. 71–1020.

Nos. 71–1019, 71–1020.

United States Court of Appeals, Third Circuit.

Submitted Feb. 14, 1972.

Decided March 22, 1972.

Louis M. Tarasi, Jr., Conte, Courtney, Tarasi & Price, Pittsburgh, Pa. (John Alan Conte, Edward A. Mihalik, Pittsburgh, Pa., on the brief), for appellants.

Aloysius F. Mahler, Pittsburgh, Pa., and Edward M. Kozora, Beaver Falls, Pa., for appellee.

Before ADAMS, GIBBONS, and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Plaintiffs sued their employer, the Pennsylvania Railroad Company, to recover for injuries sustained when a railroad-owned truck in which they were riding was struck from the rear by an automobile operated by the third-party defendant, Kozora. After the jury returned a verdict against the plaintiffs, they appealed. In an opinion published at 431 F.2d 1029 (3d Cir. 1970), the case was remanded for a new trial.[1]

During the interim between the trial and retrial of this case, the District Court for the Western District of Pennsylvania instituted an experimental system by which the trials of almost all personal injury cases are to be conducted in two parts—first the question of liability would be tried to the jury, then if it found in favor of the plaintiff, the same jury would determine damages. Cf. Fed.R.Civ.P. 42(b).

Once the retrial began, a dispute arose concerning testimony that the plaintiffs sought to elicit from an orthopedist, Dr. Willison. When a formal offer of proof was made, the district court ruled that such evidence would properly be part of the damage phase of the trial.

The trial proceeded on the question of liability with the plaintiffs' evidence, if believed, tending to show that they were passengers in the cab of a railroad-owned truck at about 3:30 A.M. on the morning of January 25, 1964. It was raining, and plaintiffs were proceeding on a level, four-lane highway to the railroad's Conway Yards after having replaced a derailed gondola car. The railroad truck was subjected to an impact when Kozora's car hit it from the rear, and the cab received a second impact when heavy equipment, lying unsecured in the truck bed, was thrown forward.[2] The right door of the truck was thrown open as a result of the second impact,

1. The remand rested on a determination that plaintiffs had been prejudiced in two regards: (1) the district court had charged that the railroad's negligence must have caused the *accident*, while the Federal Employers' Liability Act (FELA) requires only that the *injuries* be caused in whole or part by the railroad, 45 U.S.C. § 51; and (2) the judge had improperly excluded from the jury's consideration the question whether the nonexistence of the truck's right rear mud flap "caused the taillights of the truck to be splattered with mud rendering the lights invisible. . . ." 431 F.2d at 1034.

2. Additionally, plaintiffs introduced evidence that the truck's taillights were defective, that the right window of the truck was missing, and that the truck was not equipped with mud flaps.

and both plaintiffs were thrown to the ground. The defense offered evidence tending to rebut most of the plaintiffs' proofs, and the case was then submitted to the jury. Plaintiffs appeal from the jury verdict in favor of defendant on the issue of liability.

■■■■ Messrs. Idzojtic and Skocich raise a number of issues, certain of which merit discussion. Initially, plaintiffs object to the bifurcation of their trial. They argue that because of the unique circumstances of their FELA case, the issues of liability and damages could not logically be separated. Fed.R. Civ.P. 42(b) permits separation of issues for trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. . . . " The district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages. 9 Wright & Miller, Federal Practice and Procedure § 2392. Here the question of defendant's liability turned on the jury's determination whether the railroad had been negligent with regard to the equipment in the bed of the truck, the taillights, the existence of mud flaps and the missing right window. In the circumstances of this case, the jury was capable of determining the liability issue apart from the question of damages, and the district court did not abuse its discretion by the mere act of ordering bifurcation.

■■■■ Plaintiffs contend, also, that the trial judge erred when he refused to permit Dr. Willison to testify during the liability phase of the trial. He would have stated that the impact of the loose equipment in the bed of the truck could have caused the injuries suffered by the plaintiffs. The judge ruled that such testimony was properly a part of the damage portion of the trial. In arguing that the refusal to permit Dr. Willison to testify was error, plaintiffs overlook the facts that evidence had already been introduced showing the existence of the second impact and that no dispute exist-

ed concerning the possible connection between that impact and the injuries sustained by the plaintiffs. In addition, "the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962). In light of the above, the trial judge did not abuse his discretion by excluding Dr. Willison's testimony from the liability phase of the case.

We have carefully considered all of plaintiffs' remaining contentions and find them to lack substantial merit. Accordingly, the judgments of the district court will be affirmed.